IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| CHAKIA CARTER, | ) | |
| | ) | Civil Action No. |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | JURY TRIAL DEMANDED |
| CANDID CARE CO., | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

_____

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Chakia Carter (Plaintiff") and files this Complaint against Defendant Candid Care Co. ("Defendant"), and shows the following:

### I.      Nature of Complaint

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action seeks declaratory relief, liquidated and actual damages, along with attorney's fees and costs, for Defendant's failure to pay federally mandated overtime wages to Plaintiff in violation of the Fair Labor Standards Act of 1938, as

amended, 29 U.S.C. §201 *et seq.* (hereinafter the "FLSA") during Plaintiff's employment with Defendant.

## II.   <u>Jurisdiction and Venue</u>

### 3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. §216(b), and 28 U.S.C. §1331.

### 4.

Defendant conducts business in this jurisdiction and is subject to specific jurisdiction over the claims asserted herein.  In addition, a substantial part of the acts and omissions that give rise to Plaintiff's claims occurred in this district. Accordingly, venue in this Court is proper pursuant to 28 U.S.C. §1367.

### 5.

Defendant may be served with process by delivering a copy of the summons and complaint to its registered agent, Vcorp Agent Services, Inc., 289 S. Culver Street, Lawrenceville, Georgia 30046.

## III.   <u>Parties and Facts</u>

### 6.

Plaintiff is a resident of the State of Georgia.

7.

Plaintiff worked as an Assistant Studio Manager for Defendant from November 9, 2020, through August 2021.

8.

Plaintiff is and has been an "employee" of Defendant, as that term has been defined by the FLSA.

9.

From November 9, 2020, through August 2021, Plaintiff was paid on an hourly basis, without overtime compensation, calculated at one- and one-half times her regular rate, for some of the hours she worked in excess of 40 in work weeks.

10.

Specifically, Plaintiff was not paid for hours she spent working for Defendant while at home.

11.

Defendant is an "employer" as that term has been defined by the FLSA, 29 U.S.C. §203(d).

12.

Defendant is a private employer engaged in interstate commerce, and its gross commercial revenues exceed $500,000 per year.

13.

Defendant knew or had reason to know that Plaintiff regularly worked in excess of 40 hours in workweeks without overtime compensation.

14.

Plaintiff was scheduled to work at the office Monday through Saturday, from 8:30 AM – 5:30 PM, a total of 40 hours.

15.

Chelsie McWhorter, then-Regional Manager, and Nick Bilotta, then-Director of Talent Acquisition, knew that Plaintiff's schedule was 8:30 AM – 5:30 PM, as this information was included in her contract, which she reviewed with both individuals.

16.

Per Defendant's policy, Plaintiff was required to clock in and clock out using a company device which was located at Defendant's store. Plaintiff always clocked in and out using this device while at Defendant's store.

17.

Ms. McWhorter approved Plaintiff's timesheet each week.

18.

In some weeks, Plaintif worked at the office before and/or after her regularly scheduled hours. Plaintiff was able to clock in and out and received overtime pay for the additional hours she worked while she was at the office.

19.

Plaintiff also routinely worked a substantial amount of time while she was at home, including sending e-mails to clients, following up on delayed payments, and ordering supplies for the office.

20.

Plaintiff could not clock in and out for the hours she worked at home, and she was not paid for these hours worked.

21.

Beginning in mid-November 2020 and continuing through August 2021, Plaintiff regularly complained to Ms. McWhorter and Mr. Bilotta about working additional unpaid hours outside of her regularly scheduled work hours without pay.

22.

Plaintiff frequently complained to Ms. McWhorter that she was working additional unpaid hours during their one-on-one.

23.

Plaintiff copied Ms. McWhorter and Mr. Bilotta on e-mails she sent outside of her regularly scheduled work hours from home, i.e., when she was off the clock and not being paid.

24.

Plaintiff also messaged Ms. McWhorter and Mr. Bilotta on Slack for work-related purposes outside of her regularly scheduled work hours when she was home, i.e., when she was off the clock and not being paid.

25.

Defendant is governed by and subject to the FLSA, 29 U.S.C. §204 and §207.

26.

Defendant failed to pay Plaintiff the overtime wage differential required by the FLSA, 29 U.S.C. §207 on occasions that Plaintiff worked over forty (40) hours in a workweek.

**Count I**

**Violations of the Fair Labor Standards Act.**

27.

Plaintiff repeats and re-alleges each and every allegation contained in the

preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

28.

Defendant has violated the FLSA, 29 U.S.C. §207, by failing to pay overtime wages for time that Plaintiff worked in excess of forty (40) hours in given workweeks.

29.

Pursuant to the FLSA, 29 U.S.C. §216, Plaintiff brings this lawsuit to recover unpaid overtime wages, liquidated damages in an equal amount, attorneys' fees, and the costs of this litigation.

30.

Defendant knew or showed reckless disregard for the fact its actions, policies, and/or omissions violated the FLSA.

30.

Defendant suffered or permitted Plaintiff to work unpaid overtime hours, and had actual or constructive knowledge that Plaintiff was working unpaid overtime hours.

### IV.   Prayer for Relief

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A)    Grant Plaintiff a trial by jury as to all triable issues of fact;

(B)    Enter judgment awarding Plaintiff unpaid wages pursuant to the FLSA, 29 U.S.C. §207, FLSA § 6, 29 U.S.C. § 206(d), liquidated damages as provided by 29 U.S.C. §216, pre-judgment interest on unpaid wages pursuant to 29 U.S.C. §216, and court costs, expert witness fees, reasonable attorneys' fees as provided by 29 U.S.C. §216, and all other remedies allowed under the FLSA; and,

(C)    Grant declaratory judgment declaring that Plaintiff's rights have been violated and that Defendant misclassified Plaintiff as exempt from the overtime requirements of the FLSA;

(D)    Permit Plaintiff to amend her Complaint to add state law claims if necessary;

(E)    Award Plaintiff such further and additional relief as may be just and appropriate.

This 22nd day of February, 2022.

                                    **BARRETT & FARAHANY**

                                    /s/ V. Severin Roberts
                                    V. Severin Roberts
                                    Georgia Bar No. 940504
                                    Attorney for Plaintiff

1100 Peachtree Street
Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 facsimile
severin@justiceatwork.com